# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 7, 2013

Lyle W. Cayce
Clerk

No. 12-60224
Summary Calendar

DAVID SANDERS,

Plaintiff - Appellant

v.

SAILORMEN, INC.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No: 3:10-CV-606

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

David Sanders appeals the district court's grant of summary judgment in favor of defendant Sailormen, Inc.  We AFFIRM.

## FACTS AND PROCEEDINGS

David Sanders worked as a maintenance technician for Sailormen, Inc. in Mississippi.  He filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in 2009, alleging that he was paid less than similarly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

situated white employees.    Mediation of his claim in October 2009 was unsuccessful.  Sailormen nevertheless increased his hourly wage from $12.50 to $18, even though Sanders made clear that he would continue to pursue his claim for backpay.

On November 7, 2009, a customer reported seeing Sanders smoking what smelled like marijuana behind one of Sailormen's Popeye's restaurants. Sailormen required Sanders to take a drug test the next day.  The test was positive for marijuana, and  Sanders was suspended from work for 30 days pursuant to Sailormen's drug policy.  The policy also required, among other things, that any employee who tested positive must complete any recommended rehabilitation, pass a follow-up drug test, and sign a return-to-work agreement. The return-to-work agreement Sanders signed reiterated these requirements and expressly noted that Sailormen was not obligated to reinstate his employment, but could do so at its option.

Sanders submitted a clean follow-up test on December 21, 2009, 32 days after his suspension.  According to Sanders, he called the Sailormen home office a week later and was told that, notwithstanding this second test, he had been terminated.  After receiving a right to sue letter from the EEOC, he filed claims against Sailormen for discrimination and retaliation.

Following discovery, Sailormen filed a motion for summary judgment. Ruling on this motion, the district court first found that Sanders had abandoned his discrimination claims and granted summary judgment for Sailormen on those claims.  Next, it considered Sanders's retaliation claims.  It determined that Sailormen was entitled to summary judgment on these claims as well, because there was no genuine issue of material fact that would establish a causal link between Sanders filing his EEOC claim (or his refusal to withdraw it) and his termination by Sailormen.  In reaching this conclusion, the court observed that the three months between the two events were a sufficiently small

interval to establish temporal proximity. But it determined that intervening events, namely Sanders's raise and his drug use, broke the causal link that could otherwise be inferred from temporal proximity. Sanders appeals the district court's summary judgment on his retaliation claims.

## DISCUSSION

We review a grant of summary judgment *de novo*, applying the same Rule 56 standard as the district court. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912 (5th Cir. 1992).

Sanders argues on appeal that the district court failed to take the evidence and reasonable inferences therefrom in the light most favorable to him. He contends that the evidence, when so construed in his favor, creates a genuine issue of material fact that Sailormen's proffered reason for terminating him was pretextual. Such pretext, when combined with temporal proximity, may be sufficient to establish causation. *See Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012).

However, Sanders did not establish a genuine issue of fact with respect to pretext. His evidence for pretext was Sailormen's allegedly changing explanation of why it terminated him. He contends that he was first told by the Sailormen home office that he was fired for not completing a drug rehabilitation program (even though none was recommended). Then, during discovery, Sailormen's responses to interrogatories stated that Sanders was fired because he had a positive drug test and subsequently failed to comply with Sailormen's return-to-work agreement. Finally, in its 30(b)(6) deposition, Sailormen said he was terminated because he did not submit his follow-up drug test within thirty days of his suspension. In addition, Sanders claims that no other employees had been terminated because they did not attend a rehabilitation program after testing positive for drugs, which he argues is also evidence of pretext.

No. 12-60224

Whether or not these alleged factual discrepancies can be reconciled, Sanders does not explain why these discrepancies are material to the issue of pretext when Sailormen's return-to-work agreement expressly reserved the company's discretion to refuse to rehire him at its option. Sanders has provided no evidence that Sailormen did not avail itself of this discretion in other cases, as it did with him. In particular, he has proffered no evidence that Sailormen consistently rehired similarly situated employees who had not brought EEOC actions. Therefore, Sanders has not shown a genuine issue of material fact on whether Sailormen's decision not to rehire Sanders was a pretext for retaliating against him for filing an EEOC claim. Without evidence of pretext, he has failed to establish causation. The district court's grant of summary judgment is AFFIRMED.